FILED

APR 04 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD KARLEN,<br><br>   Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant. | Case No. 22-cv-02127-TSH<br><br>**NOTICE REGARDING RESOURCES AVAILABLE TO PRO SE LITIGANTS** |

  Since you are representing yourself in this case, the Court issues this notice to you about legal resources available, the rules you need to follow, and the legal standard that applies to summary judgment motions.

## RESOURCES AVAILABLE

1. **Pro Se Handbook:** The district court has produced a guide for pro se litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. It is available electronically online (http://cand.uscourts.gov/prosehandbook) or in hard copy free of charge from the Clerk's Office.

2. **Federal Pro Bono Project's Help Desk:** You may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

## RULES OF THE COURT

  Here are some basic rules of which you should be aware. These rules, and others, are discussed in detail in the Pro Se Handbook. This is not an exhaustive list, and you should refer to the Handbook for additional rules of court.

1. **Civil Local Rules:** In addition to the Federal Rules of Civil Procedure, the district court has its own set of Civil Local Rules that must be followed. The Civil Local Rules are available online at http://cand.uscourts.gov/localrules/civil.

2. **Standing Orders:** Each judge also has their own set of standing orders, which must be followed in the cases assigned to them. The undersigned's standing orders are available online at http://cand.uscourts.gov/tshorders. These standing orders provide clarification on many topics, including how and when to schedule hearings, the format for chambers copies of all filings, discovery, and how to communicate with the court.

3. **Consent/Declination Process:** Cases in this district are directly assigned to magistrate judges when they are filed, but for me to continue to preside over your case from filing to final judgment, all parties must consent to my jurisdiction. What this means is that you must file a form and formally consent to my presiding over your case and acknowledge that any appeal of final judgment will be directly to the Ninth Circuit Court of Appeals, just as it would if a district judge presided over your case. The form is available online at https://www.cand.uscourts.gov/civilforms. If you have any questions or need any assistance, please call Rose Maher, my courtroom deputy, at (415) 522-4708, and she will go over the process with you and send you a copy of the form if necessary.

4. **Electronic Filing:** After you file your complaint, the docket and all documents in the case are maintained in an electronic format so that they can be viewed on a computer. Parties representing themselves are not required to file documents electronically ("e-file"), but many choose to do so. There are no registration costs and no fees for e-filing, and it allows you to file documents online instead of submitting hard copies to the Clerk's Office. For instructions on how to register for e-filing, visit https://cand.uscourts.gov/cases-e-filing/cm-ecf/setting-up-my-account/e-filing-self-registration-instructions-for-pro-se-litigants/.

## SUMMARY JUDGMENT

No motion for summary judgment has been filed in your case, but this explains the process if a motion is filed. If the other party in this case files a motion for summary judgment, that motion— if granted—will result in the dismissal of your case. Generally, summary judgment

must be granted when there is no genuine issue of material fact for trial. What that means is if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which ends your case.

Federal Rule of Civil Procedure 56 tells you what you must do to oppose a motion for summary judgment. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),[1] you cannot just rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56, that contradict the facts in Defendant's declarations and documents and show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, the Court might— if it is appropriate— enter summary judgment against you and in favor of the other party.

If the Court grants summary judgment in favor of the other party, your case will be dismissed, and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). You should read Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (which discusses how the party who opposes summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

**Failure to file an opposition:** If you do not file an opposition, the Court will still consider whether summary judgment is appropriate under Rule 56, but your failure may be construed as consent by you to this Court's granting the other party's motion for summary judgment. That in turn may result in the dismissal of your case before trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

**IT IS SO ORDERED.**

Dated: March 30, 2022

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] A declaration is a statement of facts. The person making the declaration must know those facts personally, and they must be facts that can be admitted into evidence. That means they must be facts as opposed to conclusions, argument, opinion, or inadmissible hearsay. A declaration must be made under penalty of perjury, which means the person making the declaration must sign it and date the declaration after the following statement: "I declare under penalty of perjury that the foregoing is true and correct. Dated _____. Signed _____."